UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **ROMESICA REED O/B/O Z.J.S.** | **CIV. ACTION NO. 3:23-01172** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **MARTIN O' MALLEY, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court, is a converted motion for summary judgment [doc. # 10], FED. R. CIV. P. 56, filed by Defendant Martin O' Malley, the Commissioner of the Social Security Administration. *See* Jan. 11, 2024 Order [doc. # 13]. The motion is unopposed. For reasons assigned below, it is recommended that the motion be GRANTED and that Plaintiff's complaint be DISMISSED, with prejudice.

### Background

On August 28, 2023, Plaintiff Romesica Reed ("Reed") filed the instant, pro se complaint, on behalf of her minor child, Z.J.S., for judicial review of an unfavorable decision issued by the Commissioner of the Social Security Administration which determined that, as of June 14, 2022, Z.J.S. had experienced medical improvement such that he no longer was disabled as required for continued receipt of Supplemental Security Income payments. *See* Complaint; Notice of Decision – Unfavorable; MSJ, Exh. 1 to Decl. of Lesha Cowell [doc. # 10-1].

On November 30, 2023, Defendant Martin O' Malley, the Commissioner of the Social Security Administration ("Commissioner") filed the instant motion to dismiss Reed's complaint for failure to state a claim upon which relief can be granted because suit was not timely filed. (M/Dismiss [doc. # 10]).

On January 11, 2024, the undersigned reviewed the motion and converted it to a motion for summary judgment because it relied on a declaration that was "outside the pleadings." (Jan. 11, 2024 Order [doc. # 13]). In so doing, the court reopened the period for Reed to respond to the converted motion and set a new deadline of January 24, 2024. *Id*.

Reed, however, failed to file a response. Accordingly, the motion is deemed unopposed. (Notice of Motion Setting [doc. # 11]).

### Summary Judgment Principles

Summary judgment is appropriate when the evidence before the court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.*

In evaluating the evidence tendered by the parties, the court must accept the evidence of the non-movant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S.

at 255. While courts will "resolve factual controversies in favor of the non-moving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). There can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-323. The non-moving party may not rely merely on the allegations and conclusions contained within the pleadings; rather, the non-movant "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). The non-movant does not satisfy his burden merely by demonstrating some metaphysical doubt as to the material facts, by setting forth conclusory allegations and unsubstantiated assertions, or by presenting but a scintilla of evidence. *Little*, 37 F.3d at 1075 (citations omitted).

Moreover, "summary judgment is appropriate in *any* case 'where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.'" *Little, supra* (citation omitted) (emphasis in original). In sum, "[a]fter the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Mississippi River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000) (citation omitted).

Finally, when a movant bears the burden of proof on an issue, he must establish "beyond peradventure[1] all of the essential elements of the claim . . . to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). In other words, the movant must affirmatively establish his right to prevail as a matter of law. *Universal Sav. Ass'n v.*

---

[1] I.e., beyond doubt.

*McConnell*, 14 F.3d 52 (5th Cir. 1993).

**Discussion**

"Generally, a claimant has sixty days to seek judicial review of the Commissioner's final decision. This period runs from the date the claimant received notification of the decision. There is a rebuttable presumption that notice is received five days after it is mailed by the Commissioner to the claimant." *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997) (citations omitted).

In this case, the administrative process was completed on June 8, 2023, when the Appeals Council denied Reed's request for review of the Administrative Law Judge's February 13, 2023 decision. 20 C.F.R. § 416.1400; Notice of Appeals Council Action; MSJ, Exh. 2 to Decl. of Lesha Cowell [doc. # 10-1]. Moreover, "[o]n June 8, 2023, the Appeals Council sent, by mail addressed to [Reed] at 1912 Parkridge Ln, Ruston, LA 71270, notice of its action on [Reed]'s request for review . . ." (Decl. of Lesha Cowell; MSJ Exh. [doc. # 10-1]).[2]

The Notice advised Reed of her right to file a civil action within 60 days after receipt of the letter, and that she would be presumed to receive the letter five days after the date on the letter, unless Reed showed that she did not receive it within that five-day period. (Notice of Appeals Council Action; MSJ, Exh. 2 to Decl. of Lesha Cowell [doc. # 10-1]). The Notice further explained that if Reed needed more than 60 days to seek court review, she could petition the Appeals Council to extend her time to file suit. *Id.*

Here, Reed is presumed to have received the Appeal Council's decision five days after the Notice was sent, *i.e.* by June 13, 2023 (or June 15, 2023, if the intervening weekend is excluded). *See Kinash, supra.*[3] Therefore, she had 60 days, or until August 14, 2023 to file

[2] Reed listed the same address in connection with the instant complaint.

[3] Moreover, she has not contested that she received the Notice.

suit. However, Reed did not commence this action until August 28, 2023. By then, it was too late.[4]

The Fifth Circuit has recognized that in "appropriate situations," a plaintiff can invoke the doctrine of equitable tolling. *Flores v. Sullivan*, 945 F.2d 109, 113 (5th Cir. 1991). However, the cases where tolling is appropriate are rare, and the equities in favor of tolling must be "so great that deference to the agency's judgment is inappropriate." *Barrs v. Sullivan*, 906 F.2d 120, 122 (5th Cir. 1990) (citations and internal quotation marks omitted). Two instances where the Fifth Circuit indicated that equitable tolling might be appropriate are when the plaintiff was prejudiced by the Commissioner's lack of notice to her attorney or when the Commissioner violated his own regulations by failing to timely send notice to the claimant's attorney. *Flores, supra*. Bare allegations that the limitations period should be excused because of the plaintiff's impairment do not suffice. *See Barrs, supra*.

In this case, Reed did not file a response to the pending motion, and, thus, has not proffered any cognizable basis for equitable tolling. Therefore, the court necessarily finds that equitable relief is unavailable and inappropriate. *Flores, supra*.

## Conclusion

Upon consideration, the undersigned finds that there are no disputed issues of material fact, and that the Commissioner is entitled to judgment as a matter of law dismissing Reed's complaint, as time-barred.[5] FED. R. CIV. P. 56. Accordingly,

---

[4] Further, there is no evidence that Reed timely requested an extension of time to file a civil action. (Cowell Decl.; MSJ, Exh.).

[5] "[I]n the face of the defendant's properly supported motion for summary judgment, the plaintiff [can]not rest on [her] allegations . . . without any significant probative evidence tending to support the complaint." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citations and internal quotation marks omitted). Furthermore, "a district court has no obligation to provide a pro se litigant with particularized instructions on the requirements and consequences of summary judgment." *Stingley v. Den-Mar, Inc.*, 347 Fed. App'x. 14, 20 (5th 2009).

IT IS RECOMMENDED that the converted motion for summary judgment, *see* doc. #s 10 & 13, filed by Defendant Martin O' Malley, Commissioner of the Social Security Administration, be GRANTED, and that judgment be entered in favor of said Defendant dismissing with prejudice Plaintiff Romesica Reed's complaint brought on behalf of Z.J.S.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 22nd day of March, 2024.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE